IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHASE PARTHE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 3:20-CV-999-MAB |
| ) | |
| JOSEPH MEZO, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This matter is currently before the Court on a motion to dismiss for lack of prosecution filed by Defendant Joseph Mezo (Doc. 29).

Plaintiff Chase Parthe filed this *pro se* lawsuit in September 2020 pursuant to 42 U.S.C. § 1983 for deprivation of his rights while incarcerated at Pinckneyville Correctional Center (Doc. 1). In late October 2022, after the deadline for dispositive motions passed without any being filed and having not heard from the parties for close to a year, the Court set this matter for a status conference on November 22, 2022 (Doc. 28). The Notice of Hearing was mailed to Plaintiff at the address on file with the Court but was later returned as undeliverable (Doc. 30). The Court notes that Plaintiff was informed on more than one occasion of his continuing obligation to keep the Clerk of Court informed of any change in his address and that his failure to do so may result in dismissal of his case (Docs. 5, 11). Local Rule 3.1(b) also outlines this continuing obligation, as Plaintiff is proceeding *in forma pauperis*.

Setting a hearing did, however, apparently prompt Defendant to file a motion to dismiss for lack of prosecution (Doc. 29). The motion indicated that Plaintiff failed to appear for his deposition in September 2022 and made no effort to contact defense counsel (Doc. 29, p. 2; *see* Doc. 29-1, Doc. 29-2). Defense counsel stated that, in fact, he had not "received any communication or notice from Plaintiff since he filed his Notice of Change of Address on June 25, 2021" (*Id.*), which indicated that Plaintiff was being released from prison.

The Court held the status hearing as scheduled on November 22, 2022, despite the pending motion to dismiss (Doc. 31). Plaintiff did not appear at the hearing (*Id.*). The Court noted that Plaintiff's failure to notify the Court of his change in address had now resulted in him failing to appear for a scheduled hearing (*Id.*). The Court also stated for good measure that if Plaintiff failed to respond to Defendant's motion to dismiss, this case would be dismissed with prejudice (*Id.*). Days after the status hearing, Plaintiff's deadline to respond to Defendant's motion to dismiss elapsed without anything being filed. In short, neither the Court nor defense counsel has heard anything from Plaintiff for over a year and a half.

Under Federal Rule of Civil Procedure 41(b), a court may dismiss an action with prejudice "if the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or any court order." FED. R. CIV. P. 41(b). "The court should exercise this right sparingly" and should dismiss a case "only when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing" and an explicit warning has been provided to the plaintiff that dismissal is imminent. *Salata*

*v. Weyerhaeuser Co.*, 757 F.3d 695, 699 (7th Cir. 2014) (quoting *Webber v. Eye Corp.,* 721 F.2d 1067, 1069 (7th Cir. 1983)); *Gabriel v. Hamlin*, 514 F.3d 734, 736 (7th Cir. 2008) (quoting *Sharif v. Wellness Intern. Network, Ltd.*, 376 F.3d 720, 725 (7th Cir. 2004)).

In this matter, Plaintiff is proceeding *pro se*, and the Court is mindful of the difficulties he faces in doing so. But Plaintiff is nevertheless obligated to comply with Court-imposed deadlines and to communicate with opposing counsel and with the Court. Under the circumstances presented here, the Court can only conclude that Plaintiff is no longer interested in pursuing this litigation, and the Court is convinced that dismissal is appropriate.

Defendant's motion to dismiss (Doc. 29) is **GRANTED**, and this action is **DISMISSED with prejudice** pursuant to Rule 41(b) for want of prosecution. The case is **CLOSED**, and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

## NOTICE

If Plaintiff wishes to contest this Order, he has two options. He can ask the Seventh Circuit to review the order, or he can first ask the undersigned to reconsider the Order before appealing to the Seventh Circuit.

If Plaintiff chooses to go straight to the Seventh Circuit, he must file a notice of appeal *within 30 days* from the entry of judgment. FED. R. APP. P. 4(a)(1)(A). The deadline can be extended for a short time only if Plaintiff files a motion showing excusable neglect or good cause for missing the deadline and asking for an extension of time. FED. R. APP. P. 4(a)(5)(A), (C). *See also Sherman v. Quinn*, 668 F.3d 421, 424 (7th Cir. 2012) (explaining the good cause and excusable neglect standards); *Abuelyaman v. Illinois State Univ.*, 667

F.3d 800, 807 (7th Cir. 2011) (explaining the excusable neglect standard).

On the other hand, if Plaintiff wants to start with the undersigned, he should file a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). The motion *must* be filed within twenty-eight (28) days of the entry of judgment, and the deadline *cannot* be extended. FED. R. CIV. P. 59(e); 6(b)(2). The motion must also comply with Rule 7(b)(1) and state with sufficient particularity the reason(s) that the Court should reconsider the judgment. *Elustra v. Mineo*, 595 F.3d 699, 707 (7th Cir. 2010); *Talano v. Nw. Med. Faculty Found., Inc.*, 273 F.3d 757, 760 (7th Cir. 2001). *See also Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012) ("To prevail on a Rule 59(e) motion to amend judgment, a party must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.") (citation and internal quotation marks omitted).

So long as the Rule 59(e) motion is in proper form and submitted on-time, the 30-day clock for filing a notice of appeal will be stopped. FED. R. APP. P. 4(a)(4). The clock will start anew once the undersigned rules on the Rule 59(e) motion. FED. R. APP. P. 4(a)(1)(A), (a)(4), (a)(4)(B)(ii). To be clear, if the Rule 59(e) motion is filed outside the 28-day deadline or "completely devoid of substance," the motion will not stop the clock for filing a notice of appeal; it will expire 30 days from the entry of judgment. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014); *Talano v. Northwestern Medical Faculty Foundation, Inc.*, 273 F.3d 757, 760–61 (7th Cir. 2001); *Martinez v. Trainor*, 556 F.2d 818, 819–20 (7th Cir. 1977). Again, this deadline can be extended only on a written motion by Plaintiff showing excusable neglect or good cause.

The Court has one more bit of instruction regarding the appeals process. If Plaintiff chooses to appeal to the Seventh Circuit, he can do so by filing a notice of appeal in this Court. FED. R. APP. P. 3(a). The current cost of filing an appeal with the Seventh Circuit is $505.00. The filing fee is due at the time the notice of appeal is filed. FED. R. APP. P. 3(e). If Plaintiff cannot afford to pay the entire filing fee up front, he must file a motion for leave to appeal *in forma pauperis* ("IFP motion") along with a recent statement for his prison trust fund account. *See* FED. R. APP. P. 24(a)(1)(C). The IFP motion must set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If he is allowed to proceed IFP on appeal, he will be assessed an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He will then be required to make monthly payments until the entire filing fee is paid. 28 U.S.C. § 1915(b)(2).

**IT IS SO ORDERED.**

**DATED: January 12, 2023**

s/ Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**